**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA SPEARS, | No. 15-35033 |
| Plaintiff-Appellant, | D.C. No. C14-5198-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted December 19, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Linda Spears appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits under

Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in assessing the medical evidence concerning Spears's physical and mental health. Spears's argument amounts to a request that we reweigh the evidence, which we cannot do. The ALJ's failure to discuss some of Dr. Layton's records and clinical findings is of no consequence. "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

Contrary to Spears's allegations, the ALJ did not err in relying upon consulting physician Dr. Virji's assessment. The ALJ declined to rely on the adverse report Dr. Virji commissioned from the Cooperative Disability Investigations Unit for additional investigation of the veracity of Spears's claims because Spears contested the accuracy of the report. Although Dr. Virji discounted Spears's subjective reports of her symptoms based on this report, Dr. Virji cited to objective medical evidence in the record to formulate the opinion upon which the ALJ relied. Because Dr. Virji's opinion was supported by objective medical evidence, the ALJ did not err in relying upon it.

Similarly, the ALJ did not err in assessing the evidence from consulting physician Dr. Arcega. Spears's contention that the ALJ should have accepted Dr. Arcega's opinion that Spears was limited to sedentary work amounts to no more than a bold assertion unsupported by substantive argument or case law. We need not address this argument. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

Spears's argument that the ALJ violated her duty to make a de novo determination concerning Spears's eligibility for disability benefits by granting significant weight to Dr. Arcega's opinion that Spears was not disabled also lacks merit. The ALJ explained she credited this portion of Dr. Arcega's opinion because it was consistent with the overall medical evidence of record, which the ALJ discussed to support her opinion. Therefore, Spears has not shown the ALJ abdicated her duty to formulate an independent opinion concerning Spears's eligibility for disability benefits.

The ALJ also did not err in assessing the medical evidence concerning Spears's mental health symptoms. The ALJ adopted the portion of examining physician Dr. Meagher's opinion that conformed to the other medical evidence in the record. The ALJ reasonably discounted the results of the mental status examination tests Dr. Meagher administered because Spears appeared to be

exaggerating the severity of her symptoms during the exam by using a walker when, according to Spears's own testimony, the exam took place during a period of time in which Spears did not need a walker. In addition, contrary to Spears's argument that the ALJ erred in failing to incorporate Dr. Postovoit's opinion that Spears's pain could affect her sleep, and as a result affect her efficiency and ability to focus, the ALJ explained she adopted Dr. Postovoit's opinion on this point and incorporated it into the residual functional capacity ("RFC") analysis by limiting Spears to simple, routine tasks.

The ALJ did not err in finding not entirely credible Spear's allegations regarding the severity of her symptoms and functionality limitations. The ALJ performed the required two-step analysis and explained that she discounted Spears's testimony because, among other reasons, there were times when Spears appeared to exaggerate the severity of her symptoms, Spears made statements inconsistent with her alleged symptoms, and the objective medical evidence in the record failed to substantiate her symptoms. *See Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1102 (9th Cir. 2014). These constitute specific, clear, and convincing reasons, and they furnish adequate support for discounting Spears's testimony. *See id.*; *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002); *Molina v. Astrue*, 674 F.3d 1104, 1112-14 (9th Cir. 2012).

4

The ALJ also did not err in affording little weight to the lay testimony from Spears's husband. Even if the ALJ explained the decision to reject Mr. Spears's evidence with "less than ideal clarity," any error was harmless because Mr. Spears's evidence "described the same limitations as [Spears's] own testimony;" and the ALJ's reasons for discrediting her testimony apply "with equal force" to Mr. Spears's evidence. *See Molina*, 674 F.3d at 1121-22 (citing *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)).

Although the ALJ did not discuss the lay witness evidence from Spears's former coworker, Meliah Looney, and Spears's sister, Stacy Kaech, any error in this omission was harmless. Spears does not explain how the ALJ omitting discussion of Ms. Looney's letter verifying Spears's work ethic or Ms. Kaech's letter, which provides substantially the same information as Spears's testimony, "alters the outcome of the case" in light of "the record as a whole." *See Molina*, 674 F.3d at 1115. As a result, Spears has not shown that omitting discussion of this evidence was harmful error.

Spears also has not demonstrated that the ALJ erred in analyzing Spears's RFC or finding under Step Five that there are jobs existing in significant numbers in the national economy that Spears could perform. Spears's allegations of error concerning these portions of the sequential evaluation depend upon finding the

5

ALJ committed harmful error in previous steps of the analysis, which Spears has not shown.

Finally, despite Spears's argument that the Appeals Council erred by not including additional evidence she submitted to the Appeals Council in the administrative court transcript, the Court lacks jurisdiction to review the Appeals Council's decision about the contents of the record because such a decision is not a final agency action. *See Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). Although the Court may instruct the Commissioner to consider new evidence as provided under 42 U.S.C. § 405(g), which requires showing the new evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," Spears has not demonstrated how the evidence at issue meets this standard.

**AFFIRMED**.